Will the clerk please call the next case? 321-0250-WC Donald Vanda, appellant by Emmanuel Guyon v. Illinois Workers' Compensation Comm'n, Streeter Dependable Manufacturing Incorporated, appellee by Brian Ratterman. Mr. Guyon, you may proceed. Thank you, Your Honor. Again, my name is Emmanuel Guyon. I'm here on behalf of Donald Vanda, the petitioner. This is a claim under a repetitive trauma theory injury and the benefits requested pursuant to the terms of the Workers' Compact. The injuries involved are to the left, right wrist, left wrist, and right shoulder. The petitioner's job was to operate a shear and break at a metal job shop, meaning that the production varied depending on what the customer wanted. For example, they could make a snowplow, the head of a snowplow. They could make grill components. Their principal product was to supply parts bins for Caterpillar, Toyota, and some other manufacturing companies in our economy. Mr. Vanda spent his entire 26 years at the same job with the respondent, and that was to operate the shear and break. The materials were exclusively steel, and the raw material that came into the plant was either four-by-eight sheets of steel or four-by-twelve. If I can interject, an overarching looming issue in this case is, as you know, the circuit court dismissed the action, finding that it did not have jurisdiction because you failed to comply with the jurisdictional prerequisites of the act. Obviously, you're aware of that. I am aware of it, Your Honor, and if you want me to speak to that right now, I can do that. I think you're going to have to because if the circuit court is correct about that, then we don't get to the merits of your case, okay? Now, apparently, I mean, the argument is there are two actions required to vest the circuit court with jurisdiction, okay? First, there has to be a filing of a notice of intent with the commission, and two, the exhibition of record or exhibition of proof that the filing with the circuit court was complied with or filing of an affidavit by an attorney confirming that the notice was filed with the commission. It appears that you did not comply with either of those requirements, and if you did, tell us how you did comply with those. Okay, I would certainly take issue with you, Your Honor, because if I go back to the history of the case and all the time that I've done workers' comp, I was sent a letter from the commission saying to file the transcript before the decision even issued. That was in December of, I'm sorry, it was in October, I believe, of 2019. I don't know the exact date as I speak, and they said I had to copy the transcript by December 27th. I did forward that to them. That was before the decision issued. That was eight months before Arbitrator Herbace issued the decision. That's fine, and in my cover letter, I said, in close, please find a copy of the transcript in the appeal process. Okay, so the commission had the copy of the transcript all along, and... It may have been the transcript. Are you saying that that's the equivalent of filing a specific notice? Are you saying that's the equivalent of complying with the statute because you sent them a transcript? No, I'm not saying that, but I'm telling you the history of the case, and I think that as things develop, it does qualify for it. It's part of the history of the case. So what happened was I did send it, and they had that transcript for eight months before the decision issued. All right, when the decision issued, then I went into 19F1 and appealed the case, and part of the documents that I filed, if you look at my reply brief and the points and authorities, they sort of outlined what I call the annotation of the statute, and again, this is not a civil case, but if this were a civil case, a normal case in the appellate court, the only jurisdictional step is to take the final notice of appeal. Yeah, but that's the problem here. There's a number of cases that say this is a court of special jurisdiction when you're appealing to the circuit court, and there's certain specific prerequisites that are required that do not apply in the case of a normal appeal. I understand that, Your Honor. If I may continue, what I'm going to say to you is that in my points and authorities, I outlined and annotated the statute 19F1, and there all the jurisdictional requirements are rolled up into that four-paragraph part of 19F1, and some of those are my responsibility, which is to file the, to commence the proceeding within 20 days of receipt of notice of the decision. I did that 11th day, and then I also said, and when I had my written demand notice of intent to appeal, I asked the circuit clerk to send that notice to the circuit clerk, and that notice of intent was in the written demand and also in the summons. But the problem with the circuit clerk was this. They sent two copies to the NIHAN firm and none to the commission, but that's not my responsibility. That cannot be my responsibility because I don't work in the circuit clerk. The circuit clerk has that responsibility. That's a ministerial act. It's part of a jurisdiction, but there's no attorney-client relationship between the petitioner and the circuit clerk, and for them, if they didn't do it, and let me say this, too, that when the circuit court entered its order, they said it had no jurisdiction. The record at arbitration was not in the record, and this court referred to it as the common law record, and when I saw that, I said, well, what is the common law record? There's only a statutory record. That would be the proceedings arbitration. I filed a motion then to add the proceedings arbitration. The circuit court, Judge Cantlin, entered an order without having the benefit of the arbitration record, and that was not made known to me, so when I found out about it, then I filed a motion and said, look, add it to the record. Whoa, whoa, whoa, wait a minute. What does having the arbitration record before the circuit court have to do with the question of whether you filed a notice of intent to file review in the circuit court with the commission or an affidavit, quote, setting forth that notice of intent to file for review in the circuit court has been given to the secretary or assistant secretary of the commission? Having the arbitration record has nothing to do with this. I agree with that. Well, then why do you keep raising, he didn't have the arbitration record in front of him. He didn't need it. She didn't. He was looking for the notice of intent. Your Honor, she did not have the arbitration record, but she, and I didn't realize that it wasn't in the record. Now, before the circuit court, Judge Cantlin, she made a decision without having the benefit of the arbitration record. Now, you asked a question about the notice of intent when I filed my notice request written demand for some. Let me get to some basics. What does having the arbitration record in front of the circuit judge have to do with whether the record reflected that a notice of intent to file review in the circuit court? She didn't have the benefit of the record. Now, when I filed my notice of intent, what I included in the notice of intent, I said that I want the, I have it here. What I say is this, certain parts of 19F1 are jurisdictional on my part. If it's the circuit clerk that has to send that notice to the commission, which I did ask them to do, and I was within the time limit of the 20 days when I asked them to do it, and they didn't do it. They didn't send it to the commission. They sent two copies. You're saying you have no obligation to serve the commission. The clerk is supposed to do that for you. That's right. I filed a written demand and asked them to send it to them, and they didn't do it. They didn't send anything to the commission. That's when I found out that the record wasn't even there, and then I filed a motion to add the record. They're not related, but I took, in my opinion, your honor, I took all the necessary steps that I could do to satisfy jurisdiction. The other parts of satisfying jurisdiction belong to the circuit clerk. They have to send notice by certified mail to the secretary of the commission, which they did not do. I guess they eventually did, but when I filed my record to what you call the common law record that I contend should really be referred to as the statutory record, because this court is the statutory court as it sits. The circuit court in LaSalle County was a statutory court, and I can't put seals on the summons. I can't send these certified mail notices to the commission or the attorneys or to the respondent. I did as much as I could do. I have to depend on others. Mr. Guyon, you made a statement and said that the circuit judge affirmed the commission? Yeah, well, she did not affirm the commission, and if you want to take a look at your own brief, it's appendix page 40 is her order where it says, for the reasons stated on the record, the court hereby grants defendants 2619 motion to dismiss and dismisses the petition for review of the employer petitioner Donald Vanda prejudice for lack of subject matter jurisdiction. She affirmed nothing. Well, there was nothing to affirm because the record wasn't there. Well, wait a minute. Come on now. I mean, I understand what you're saying. It's starting to get silly. Go ahead. I mean, well, your honor, I hear there's certain things that I can do to satisfy the jurisdiction of 19F, and there's other things I can't do. I can't put a seal on the summons. I can't send the certified mail. I can't make the commission file the record in the circuit court, which they should have done, which they didn't do. This thing has been messed up ever since, and I've done what I can do to get it back on the jurisdictional track that I think satisfies 19F1. Are you saying that you could not have filed with the commission notice of intent to file for review in the circuit court? You could not do that. You did not specifically file with the commission that notice of intent. Did you? I mean, you're giving us all the other things that you did, but did you do that? The notice of intent was part of the documents I sent to the circuit clerk to send to the commission, and I requested that he... No, did you serve it on the commission is my question. Do you understand my question? Did you file that intent with the commission? No, I asked the circuit clerk to send that notice to the commission within the 21 days or 20, yeah, 20 days. I did that, and I think I've done everything I could do jurisdictionally to satisfy it, but I can only do so much. So council, perhaps requesting the clerk take that action for you is the issue here. We're talking about strict compliance in the act, and it requires that a party seeking review file the notice of intent with the commission. If you're saying I didn't do it, the answer is no, I didn't do it, but I asked the circuit clerk to forward the notice of intent that was sent with the summons, requests for summons. They were together. The act teaches us that strict compliance is necessary, and I'm just reading the plain language. It requires the party seeking review file the notice of intent with the commission, so it doesn't just... And this is a... For me, I struggle with this issue because it's... I'm just reading the plain language, and it doesn't allow for, you know, a subcontractor. Well, it doesn't allow for delegation. Right, thank you. Yes. Well, but if the clerk had done it, then it would have been accomplished, would it not? The answer is yes, but they didn't send the notice of the appeal to the commission, although I contend, too, that even in December of 2019, the commission was advised of the appeal in progress, and the notice of intent, because they failed to send that to the commission, you're saying there's no jurisdiction, but I can't do anything about that. I could have sent it separately, but I chose to send it with the summons, and I think that should qualify. This is strict compliance, and I'm reading the plain language in the act, and it requires the party seeking review. It does not require the clerk to take action on behalf of the party seeking review, and I'm not trying to quibble as much as just trying to break this down and read the plain language. But if I asked the circuit clerk to send it with the summons, which they were to send it with the summons, but instead of sending it to the commission, they sent two copies to the defense firm and none to the summons, isn't that curable when it's pointed out what has to be done? Again, to me, that's a ministerial act, not something that I can control. It's jurisdictional. I understand, but that's the underlying issue, and again, the plain reading directs the party seeking review to file the notice of intent with the commission. So that's, I just, you know, I can sink my teeth into that. Delegation and remedy, you know, those are different things. But this is... Your Honor, there's no time limit on it either. As long as they were given a copy of the notice of intent to seek review, that was done in December of 2019. It was also supposed to have been done when I sent my written demand for summons to the circuit clerk of LaSalle County. And I contend it was within the time limit of the 20 days. If they had done it correctly, they would have had notice of intent. Well, the question is, was the clerk obligated to send your notice of intent at all? Where does it say... They weren't obligated, but when I asked them to do it, if they wanted to refuse it, they could have told me that, and I guess I would have done, you know, sent a separate notice. But they didn't even try to send it to the summons or the notice of intent to the commission. And I don't think that should destroy jurisdiction when you have a third party who has no attorney-client relationship with the petitioner to say that it's a ministerial act that's part of the statute. But in the 19F1, all the jurisdictional requirements are rolled up into one. It's not like a civil appeal that's section 300 of the normal civil appeal, where you have several components. You all know that. But in workers' comp, it's just all rolled up into one. And there are certain things I can do, and there are certain things I can't do. If you say the notice of intent is my obligation, it is. But if I ask the circuit clerk to do it within the period, I think that should qualify. Okay. I think we understand your argument. Okay. Thank you, Mr. Guyon. Mr. Ratterman? Or is it Raterman? Ratterman. Ratterman, Your Honor. Okay. You may respond. Good morning, Your Honors. And good morning again, Mr. Guyon. May it please the Court, as mentioned, my name is Brian Ratterman. I'm representing the Applee Streeter Dependable Manufacturing. Your Honors, as the conversation has turned, we position this case as one of procedure, and maybe more aptly as a failure to follow procedure. The motion to dismiss was based on an allegation that- What is the legal effect of that failure to follow procedure in your argument? Well, Your Honor, I believe that there's a number of legal effects for failure to follow procedure. Most pointedly, and what brings us, I think, which brings us before the Court today, is the failure to comply with 19F1 of the Workers' Compensation Act when the request for review from the Commission was filed with the LaSalle Circuit Court. As I think has been discussed and certainly is referenced in our brief, strict compliance with 19F1 is required. The Supreme Court, in the case cited in our brief of Illinois Treasurer, noted that strict compliance is necessary to confer the Circuit Court with subject matter jurisdiction over the review taken from the Commission. Failure to do any one of the tasks enumerated will result in the Court not having subject matter jurisdiction, warranting a 619A1 dismissal for lack of subject matter jurisdiction. You heard Mr. Giants, his argument, his fallback position is that the clerk apparently had the documents and could have forwarded them and provided notice to the Commission. Is that sufficient compliance with the statute? No, Your Honor. It's our position it is not. Because I do think that the language of the statute is clear. And it's clear in that it says the notice of intent to file for Circuit Court review must be filed with the Commission and proof of that filing with the Commission must be exhibited to the Circuit Court clerk within 20 days. And neither of those things were done, right? Neither one of those done. And I believe, Your Honor, there was an admission that that was not done during discussions today. The alternative is, of course, to file an attorney affidavit with the clerk of court that states written notice was given to the Commission. That was not done either, Your Honor. Well, your opposing counsel is saying that the clerk of the court was given this notice and should have sent it on to the Commission. Is that correct? Is that what you understand opposing counsel to be saying? I recognize that as the argument of the appellant, but I don't believe that section 19 F one gives any opportunity to defer a step in the procedural process to another party. I think it's clear that 19 F one is saying that the parties delegate not defer. Yes, Your Honor. Thank you. Delegate to another entity, especially the court to believe that the court has to take any steps in the process to confer subject matter jurisdiction upon itself, I think, is not anywhere in the reading of the statute. And this issue that we're bringing before the court is not. So you're saying it's not permissible to defer, in effect, the agency on the circuit clerk's office by an attorney? No, Your Honor. I think strict compliance is required. The language of the statute is clear in what it says regarding the notice of intent. And this is not an issue of first impression. I don't believe for the court, Your Honors. In our brief, we cited the case of Conway versus the only workers Compensation Commission. It was a fourth appellate district court case, which stood for the proposition that notice of intent must be followed with the commission, and proof of that filing must be exhibited to the clerk of court. I think the fact that a recent case counsel, I'm sorry. Your Honor, it's a 2019 case. Fairly recent. Yeah, I can provide the citation if you'd prefer. Otherwise, it is cited in the brief. Thank you. Counsel, I take your argument is he failed to comply with the notice to the commission, and therefore no jurisdiction. I'm intrigued by your argument in your brief that we have no jurisdiction. Could you maybe kind of explain that to me? Yes, Your Honor. So I think that there are two arguments potentially being presented by the focus entirely on the substantive decision of the commission. You know, broadly arguing on causation, some evidentiary rulings. That wouldn't affect our jurisdiction. It would merely mean that by failing to argue the jurisdictional issue, he's waived it. Right, he's forfeited. And if he waives, he's forfeited. He loses. And so, I mean, that's not our jurisdiction. Waiver is also a part of the arguments that we are making here. The appellant has waived any jurisdictional argument he may make. No, but I'm talking about our jurisdiction. You make an argument in your brief that we have no jurisdiction. And I'd like you to explain that. Of course. So looking at the jurisdiction of this court to hear the notice of appeal pertaining to the dismissal of the lower court, both the oral order of May 21st and the written order of June 11th, 2021, Supreme Court Rule 303B2 states, paraphrasing your honors, that notice of appeal must cite to the judgment or parts thereof from which relief is sought and the relief that is being sought by the appellant. The notice of appeal and amended notice of appeal, neither one cite for the relief sought. And I realize that the case. But his notice of appeal, because I'm looking at it right now, does cite the order that says he's appealing it because it was dismissed on the basis of no jurisdiction to hear the case. That is what the court decided. It had no jurisdiction to hear the case. Yes, your honor. And I think that the failure to state a relief, while typically is a defect of form and is not fatal to the appellate court's jurisdiction, even under a liberal construction where we have to take a look at the record as a whole, I think the defects in the initial notice and amended notice are ones of substance because the initial brief argued exclusively for relief from the commission's decision. So when you look at the juxtaposition of what the notices state is being appealed and what the arguments state are being appealed, they're really in opposite. And I think that makes this case very similar to people versus Smith, a Illinois Supreme Court case from 2008. Briefly, the facts of that case are the appellant cited in a notice of appeal to one order or a judgment from the lower court, and then in the brief argued for relief exclusively from another judgment. And I know the Supreme Court in that case remanded for further jurisdictional analysis, but part of what they held was that even under the most liberal construction and interpretation of the notice, the defects cited there could not be one simply a form. So the defect in that case was they never cited the second order. They only cited the first order. That's all they appealed from. The Supreme Court then said, if you don't list the order in your notice of appeal, there's no jurisdiction over that, an appeal from that order. That's certainly a correct statement, unless of course, the unmentioned order is in the logical progression leading to the order that was actually appealed from. But in this particular case, the notice of appeal is clear. He's filed a notice of appeal from an order entered May the 21st, 2021, by the LaSalle County Circuit Court, where the subject case against the respondent section was dismissed on the basis of no jurisdiction. Now, it cannot be suggested that he didn't file a notice of appeal from that order. And that's all that was required to give us jurisdiction. It was timely. You're not suggesting his notice of appeal was untimely. And so, I mean, I'm just befuddled by this argument, we have no jurisdiction. It just makes no sense. I mean, your argument that there's been a forfeiture because his brief never addresses the jurisdictional issue. That's fair game. That's fair game. But counsel, I mean, I just, you've lost me on this no jurisdiction to us. Well, your honor, I think I was only trying to argue that when we take a look at the record of as a whole, there was prejudice to my client, because it really did leave my client to wonder which issues to properly address before this court. But moving on to the issue of waiver. And did you motion that question at all to this court? Your honor, we initially motioned to strike the brief. Procedurally, we motioned to strike the initial brief of the appellant that was denied and leave was given or opportunity was given by order to supplement this court's record with the commission record. Certainly, there was... So you just moved to strike the brief. You didn't. Initially, your honor. And part of the analysis was whether to motion for dismissal for lack of jurisdiction with this court. Which you could have done. Which we could have done, your honor. But I do believe that the real defect was created when the brief was filed, taking those two in juxtaposition with notices and the brief. But on the underlying issue, which could properly be before this court, if the issue of jurisdiction of this court has been cleared and satisfied under a liberal construction, we return to whether strict compliance was achieved. And again, as the case in Conway, this is not an issue of first impression. I do think that the facts of our case are even more egregious than those presented in Conway. Because in Conway, there was some evidence that written notice of a notice of intent to file for circuit court review was given to the commission. However, the appellant in Conway failed to provide proof to the circuit court via either the filed notice of intent or the attorney affidavit inside of 20 days of receipt of the commission's decision. Here we have an admission that notice of intent was not filed with the commission. And we have an admission that there was no attorney affidavit. So the principle of strict compliance, I think, is a well stated position in case law. And the court's decision to dismiss with prejudice for lack of subject matter jurisdiction under 619A1 is not contrary to law. But as has been asked of myself, there is also a waiver of any jurisdictional arguments, that being jurisdictional arguments of subject matter jurisdiction for the circuit court, because the initial brief does not make any statements to that issue. The brief that I've read argues exclusively to the substance of the commission decision. And looking at Supreme Court Rule 341H7, arguments not made in a brief cannot be raised elsewhere. That includes in written reply or arguments. And as Justice Hoffman opined, isn't that a forfeiture of argument or a waiver? It has nothing to do with the propriety of the circuit court's order, does it? Your Honor, it certainly constitutes a waiver from our position, meaning that any statements made here today concerning what the subject matter jurisdiction of the circuit court have been waived and cannot be raised even through a petition for rehearing. Well, we don't need to decide that today, do we? There's essentially two issues that you raised. One is the jurisdiction of this court to even hear the appeal. And if that hurdle is overcome by the appellant, then it's the issue of whether or not he complied with the jurisdictional prerequisites of the act, correct? And he's acknowledged he never filed the intent with the commission, correct? Correct. Okay. So I would just conclude by saying to your honors that the decision of the lower court dismissing for lack of subject matter jurisdiction is not contrary to law and ask that that decision be upheld. Thank you for your time and questions today. Thank you, counsel. Mr. Dionne, you may reply. Your Honor, thank you. I did ask the jurisdictional period that only jurisdictional periods stated in the statute. And you have characterized it as delegation. Well, it is. But they're saying they're prejudiced. And what's the prejudice to the respondent, street or dependable or to the commission if the commission has not given notice within the 20-day period? They did have notice from my letter of December 20th of 2019. And the respondent has argued that that one doesn't count. But I refer to the appeal process in that letter when I sent the transcript. And the only function of the commission is to secure the record during the pendency of the appeal. So if there is a problem, and I cited in my brief that if there's errors in the record, they can be corrected. And of course, the clerk of the circuit court shall prepare a certified supplement to the record which shall be filed in the reviewing court upon order issued pursuant to motion. So if they didn't send that to the commission at the start, summons, and even if you just say that the notice to intent isn't even in there, they didn't even send that to them. Well, let's stop there just for a second because does that allowance speak to subject matter jurisdiction? Because with regard to that, we're talking about strict compliance. I keep going back to the plain language. Your equity argument's a good one. It's just that I'm sort of stuck with this black letter law and that that resonates with me. Well, the other thing is that council, Mr. Ratterman said that you have to file a notice of intent and send it to the commission. Does that say that I have to send it or that I can ask the circuit clerk to send it? I think I have the right to do that. It's a to file it with the commission. That's what the statute requires. Your honor, I also, again, I sent my cover letter of December 20th of 2019 before the decision was even written by arbitrator Urboski. I said here is the original copy of the transcript in the appeal process. The respondent has said that doesn't count. Hold on, hold on. Are you suggesting that a letter sent before the commission issued its decision is a notice of intent to appeal a decision that's never been issued? That's what you're arguing. That's the way it turned out. What I did, your honor, your honor, I did not have a decision, but I got a letter from the commission saying file the original transcript. So I did. So they have notice of my intention to appeal because if you're saying, you know, I understand what you're saying that I'm appealing a decision that hasn't issued, but that's what I can sense happen. And arbitrator Urboski did not write that decision until I gave him a copy of the transcript. That's very unusual. It seems to me that he would write the decision, but I, at that time, I just, I complied with the request from the commission. What was he asking for a transcript of? The proceedings before the arbitrator? Yes. Yes. And that, and that's, don't you think the commission likes to look at the transcript of the proceedings before the arbitrator, before they issue a decision on review? They, that's, I think that's very, that's something that's desirable, but that doesn't usually happen that way. Most of the time the decisions come out and then you appeal it. And if you decide to go ahead, but they had notice on December 19th, December 20th of 2019, that I was going to appeal the case. I said in the appeal process. So that is unusual that I give a notice to the commission of intent to pursue the matter, and I didn't have a copy of the decision. And then arbitrator Urboski obviously used that transcript to prepare the decision that was issued eight months later. Okay. And what, and again, I'll just, let me just conclude by saying what, unless you have other questions, but what prejudice is shown to the respondent or the commission on this issue of notice of intent, because the circuit clerk did not fulfill their duties in the appeal process that is set out in 19-1. They have the obligation to do it. And if I delegate it, they can either refuse to do it or tell me that, and then I guess I'll have to do it. You know, if they don't want to send it, which I did ask, and I thought, I think that's a reasonable request, but apparently when you talk about strict procedure to obtain jurisdiction, I understand what that means, but it just means that there's something, there's just too many things that are jurisdictional that are put at my foot that I don't have the right to control. And the circuit clerk in a performance of its duties as a circuit clerk, I think if you make a reasonable request, they should do it. What is your response to your opponent's argument and our questions that you forfeited all of this by never addressing it in your brief? And not addressing it in the brief? Yeah. Is that what you said? I thought I did, but if your opinion is I didn't talk about it, I, maybe I'm deficient in my briefing, but I know I talked about all these terms in my reply brief. I spelled out exactly what I feel is in the points and authorities. But 341.87 says, if an appellant doesn't address an issue in their opening brief, the issue has been waived. Now we use the word forfeited now instead of waived, but there's nothing in your original brief that addresses the jurisdictional dismissal of this case. Doesn't your statement just now that 341H, I'm familiar with it, that applies to civil appeals. This is a special statutory appeal and you have only statutory jurisdiction to file 19F1. Makes it even more of a requirement that you follow district compliance. You're right. It is a special jurisdiction and there are special jurisdictional requirements that have to be met. Right. I agree with that, Your Honor. And I say that I think that you can't have it both ways. I know I've heard the rule stated that you look to the Supreme Court rules, which is a section 300 of the Code of Civil Procedure. But I think here you're restricted to looking only at 19F1 because this is special statutory jurisdiction of this court. Counsel, there's no question we're limited to looking to the statutory requirements to determine if what the circuit court did was correct or incorrect. But that doesn't obviate your obligation to file the Supreme Court rules for appellant briefs when you file the review in the appellate court. Well, Your Honor, if you're saying that I didn't address it in my reply brief, I know. I said not in your original brief. If you don't address it in your original brief, you can't address it in your reply brief. You can't address it in an oral argument and you can't address it on a petition for re-hearing. Can I respond to the respondent's position on jurisdiction in my reply brief? I think I can. And that's what I did. Yeah. Because I think we have jurisdiction. The notice of intent, if they serve the summons, the notice of intent was sent to the commission. And I delegated that as Justice Holdridge pointed out. I can delegate. In fact, I have to delegate. They have to put the seal on the summons. They have to send it by certified mail. I can't do any of that. And why can't they send a notice of intent? Counsel, you can mail a notice of intent. It doesn't require any seals from the clerk of the court. I agree. There's nothing unique about it. Why can't I combine it with the request for the circuit clerk to send that on to the commission? The real fatal error here is that the commission was never notified of the pending appeal. The circuit clerk never sent the certified mail to them. It sent two copies to the NIHAN firm and only one to the respondent. So they sent out three notices but did not include the commission. And what prejudice is shown by that? The commission, all it is, is just the holder of the record. And when that was determined that the statutory record wasn't complete, I filed a motion to add it to the record. But I just think that I have complied on a notice of intent. It's not, as counsel said, and, it's or. I can either file an affidavit with the commission directly or, as I chose to do, send it with the summons. And now you're saying that that's not permissible. I think it is. But the big fatal error was the fact that the circuit clerk never sent anything to the commission. And again, I think, though, if it's curable, there's no time limit on it. If it's curable, which I think I cured by my motion to add the documents, the statutory record to the process here. But, and the commission has had notice of this appeal all along. You can't give notice for one purpose and then disregard it for another purpose. I think once they knew that I was intending to appeal, they knew that there was an appeal in the works here. Okay. Thank you, Mr. Guyon. Thank you, Mr. Redderman, both for your arguments in this matter. It will be taken under advisement. The written disposition will issue.